UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                                     :
UNITED STATES OF AMERICA,            :
                                     :
         -against-                   :     MEMORANDUM DECISION
                                     :         AND ORDER
ALBERTO MONTILLA,                    :
                                     :     09 Cr. 195-14 (GBD)
                  Defendant.         :
                                     :
------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

Defendant Alberto Montilla moves to reduce his sentence on compassionate release grounds pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Mem. in Supp. Mot. to Reduce Sentence ("Mem."), ECF No. 1066, at 3.) Defendant argues that there are extraordinary and compelling reasons warranting a sentence reduction, including: 1) the First Step Act's change to the sentence enhancement requirements in 21 U.S.C. § 841(b)(1)(A) & (B); and 2) the sentencing factors in 18 U.S.C. § 3553(a). (*Id.* at 10.) The Government opposes Defendant's motion. (Gov.'s Mem. in Opp. to Mot. to Reduce Sentence ("Opp."), ECF No. 1108.) For the reasons set forth below, this Court DENIES Defendant's motion.

## I. FACTUAL BACKGROUND

Defendant was a member of the Washington Heights Marijuana Organization ("WHMO"), a narcotic trafficking organization which controlled marijuana sales on at least four blocks of the Washington Heights neighborhood of Manhattan between 2004 and 2009. (Montilla Presentence Investigation Report ("PSR"), ECF No. 1066-2, ¶ 61.) Defendant sold marijuana, distributed marijuana for sale, and collected narcotics proceeds from the WHMO's narcotics distributors. (*See Id.* ¶¶ 131, 149, 151.) During the time of Defendant's involvement with the WHMO, the

1

conspiracy was responsible for the distribution of more than 100 kilograms of marijuana. (*Id.* ¶ 179.)

Jonathan Feliz, one of the WHMO's leaders, asked Defendant to help him orchestrate the takeover of a rival drug dealer, Jimmy Lopez's, block in late 2008 and early 2009. (*Id.* ¶ 178.) Starting in late 2008, Feliz placed several workers, including Defendant, immediately adjacent to the location where Lopez had long maintained his own profitable drug-selling operation. (*Id.*)

On January 18, 2009 when Lopez came to his block, Defendant fired several shots in his direction. (*Id.*) Lopez fled, as none of the shots hit him. (*Id.*) The following day, Defendant and two others were selling marijuana when Lopez appeared again. (*Id.*) Defendant brought a firearm to the block. (*Id.*) Two members of the WHMO each shot at Lopez as he drove by in his car. (*Id.*) While Lopez was not hit, another individual who was with him may have been shot in the arm. (*Id.*)

After being charged in the superseding indictment, Defendant faced a mandatory minimum sentence of 45 years' imprisonment for his crimes. (Opp. at 1.) Ultimately, Defendant negotiated a plea deal in which he would plead guilty to participation in a racketeering enterprise and marijuana distribution conspiracy. (*Id.* at 1.) With the negotiated agreement, Defendant would not have to plead guilty to two 18 U.S.C. § 924(c) counts with which he was charged, which carried a mandatory consecutive 35-year sentence. (*Id.*) The plea agreement calculated a stipulated guidelines sentencing range of 210–262 months' imprisonment, and a ten-year mandatory minimum for the narcotics conspiracy count. (*Id.* ¶ 17.)[1] On May 22, 2012, Defendant pleaded

---

[1] Prior to sentencing, the Probation Office determined that the parties had incorrectly calculated Defendant's Guidelines range in the plea agreement. The parties grouped the two attempted murders when each should have been counted separately. (Opp. at 9.) Additionally, the parties mistakenly failed to consider Defendant's career offender status in determining his offense level. (Opp. at 26.) As a result of these two errors, Defendant's total offense level was calculated incorrectly, resulting in a Guidelines range of 210–262 months' imprisonment. (*Id.*)

guilty to racketeering and narcotics conspiracy, in violation of 21 U.S.C. § 1962(c) and 21 U.S.C. §§ 841(b)(1)(B), 846, and 851 respectively. (*See Id.* ¶¶ 17, 292.)

Prior to sentencing, the Probation Department's Presentence Investigation Report ("PSR") calculated a Guidelines range of 262–327 months' imprisonment. (PSR ¶ 293.) The PSR further determined that due to Defendant's prior felony drug convictions, the charge for narcotics conspiracy under 21 U.S.C. §§ 841(b)(1)(B), 846, and 851 carried a mandatory minimum sentence of 10 years' imprisonment. (*Id.* ¶ 292.)

On March 5, 2013, this Court imposed a sentence of 210 months' imprisonment, which was below the Guidelines range but above the mandatory minimum. (*See* Judgment, ECF No. 716, at 2.) During his term of imprisonment, Defendant has lost over a year of good time credits. At the time the Government filed its motion, Defendant had been disciplined 11 times, including eight times for serious violence, weapons, or drug problems.[2] (Opp. at 2.)

## II.   LEGAL STANDARD

Save for limited exceptions, a district court "may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c). One such exception is provided in 18 U.S.C. § 3582(c)(1)(A)(i), often called the "compassionate release" statute, which, following an amendment by the First Step Act in 2018, now empowers a defendant to bring his own motion requesting a reduced sentence. *See, e.g., United States v. Brooker*, 976 F.3d 228, 233 (2d Cir. 2020); *United States v. Rivera-Rios*, No. 20-1773, 2022 WL 14206094, at *2 (2d Cir. Oct. 25, 2022).

A court may reduce a term of imprisonment pursuant to the compassionate release statute if it finds that (1) the defendant's circumstances present extraordinary and compelling reasons to

---

[2] At the time the parties filed their motions, Defendant's projected release date was December 25, 2024. However, according to the BOP website, Defendant's current projected release date is February 4, 2025.

warrant a reduction, (2) the factors prescribed in 18 U.S.C. § 3553(a) do not outweigh such extraordinary and compelling reasons, and (3) a reduction would be consistent with the relevant policy statements of the Sentencing Commission, i.e., the policy statement in U.S. Sentencing Guidelines Manual § 1B1.13 ("Policy Statement 1B1.13."). 18 U.S.C. § 3582(c)(1)(A); *see also*, *United States v. Seabrook*, No. 16 Cr. 467 (AKH), 2023 WL 2207585, at *2–3 (S.D.N.Y. Feb. 23, 2023) (citations omitted).

The U.S. Sentencing Guidelines Manual instructs that a nonretroactive change in law may constitute an "extraordinary and compelling reason" for a sentence reduction only if 1) defendant has served more than 10 years of his term of imprisonment, and 2) "such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

### III.  A REDUCTION OF SENTENCE IS NOT WARRANTED

#### A. No Extraordinary and Compelling Reasons Exist to Grant a Sentence Reduction

Defendant argues that the following "extraordinary and compelling" reasons exist for his early release: 1) the First Step Act's alteration to the sentence enhancement provisions of 21 U.S.C. § 841(b)(1)(A) & (B); and 2) the factors in 18 U.S.C. § 3553(a). (Mem. at 10.) Both arguments are unavailing.

Defendant contends that he "would receive a significantly shorter sentence today than he did at the time of his sentencing" because of the First Step Act. (Mem. at 15.) The Government correctly notes that the First Step Act's amendment is a non-retroactive change in law. (Opp. at 27–28;) First Step Act, § 401(c) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."). The change in law may

nevertheless be considered as an "extraordinary and compelling reason" if 1) Defendant has served more than 10 years of his sentence, which he has, and 2) the "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [was] filed." U.S.S.G. § 1B1.13(b)(6).

The First Step Act narrowed the type of prior drug offenses that trigger increased penalties under 21 U.S.C. § 841(b)(1)(A) & (B). Previously, 21 U.S.C. § 841(b)(1)(B) required a "prior conviction for a felony drug offense" to enhance the mandatory minimum sentence from 5 to 10 years' imprisonment. 21 U.S.C. § 841 (2010). Today, after passage of the First Step Act, 21 U.S.C. § 841(b)(1)(B)'s enhanced penalties are only triggered by a prior conviction for a "serious drug felony" or a "serious violent felony." First Step Act, 132 Stat. 5220, § 401(a)(2). While Defendant had three "prior conviction[s] for a felony drug offense" at the time of sentencing, he had no prior convictions for a "serious drug felony" or a "serious violent felony." (Opp. at 27;) 21 U.S.C. § 841.

Defendant argues that his sentence would be "drastically different" if imposed today because his mandatory minimum would be lower. (Mem. at 11.) Under the First Step Act, Defendant's mandatory minimum sentence for his 21 U.S.C. § 841(b)(1)(B) violation would decrease from 10 years to 5 years, as his prior drug felonies would no longer trigger the statutory sentencing enhancement. First Step Act, 132 Stat. 5220, § 401(a)(2). However, as the Government notes, "this Court did not use the ten-year mandatory minimum in sentencing [Defendant]. It sentenced him to 90 months above that minimum." (Opp. at 29.) Defendant has offered no explanation as to why the five year decrease in his mandatory minimum would lead to a "significantly shorter sentence today" when he was not sentenced to the minimum to begin with. (Mem. at 15.) Since there is no "gross disparity" between Defendant's actual sentence and the

sentence likely to be imposed today, the First Step Act does not constitute an extraordinary and compelling reason for a sentence reduction.

Defendant's argument that the § 3553(a) sentencing factors constitute an "extraordinary and compelling reason" for a sentence reduction also fails. (*See* Mem. at 10.) As the Government notes, Defendant copies his discussion of the § 3553(a) factors almost verbatim from his original sentencing memorandum. (Opp. at 24–25.) This Court already considered Defendant's arguments surrounding the § 3553(a) factors in crafting Defendant's original sentence. (Sentencing Tr., ECF No. 747, at 13.) Defendant now asks this Court to do what the Second Circuit has specifically prohibited: "simply ... second-guess[] ... the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).

### B. A Sentence Reduction Is Inconsistent with Policy Statement 1B1.13

Policy Statement 1B1.13 requires this Court to determine that Defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. Given the serious violent nature of his crime, Defendant has not demonstrated that his immediate release would not be "a danger to the safety of any other person or to the community." *Id.* Furthermore, Defendant has lost significant good time credit while incarcerated due to repeated disciplinary infractions. (Opp. at 2.) Defendant's conduct in prison strongly weighs against his early release under Policy Statement 1B1.13.

### C. The Section 3553 Factors Weigh Against a Reduction

The Section 3553(a) factors also counsel against Defendant's early release. Defendant's sentence appropriately reflects the gravity of his offense and the need for deterrence. Though Defendant has served the majority of his anticipated term of imprisonment, his crime is serious and warrants him serving his full term. Additionally, Defendant's sentence of 210 months already

represents a departure from the Guidelines range (262–327 months' imprisonment), despite his involvement in a scheme to murder a rival drug dealer and expand his own drug trafficking organization. (Opp. at 1.) Given the record, the nature and circumstances of the offense, and the history and characteristics of the Defendant, no reduction in sentence is warranted.

## IV.    CONCLUSION

Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is DENIED. The Clerk of Court is directed to close the open motion at ECF. No 1066.

Dated: December 3, 2024

New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS

United States District Judge